Case 1:17-cv-01085-MV-SCY   Document 1-2   Filed 11/01/17   Page 1 of 12

Skip to Main Content **Logout** **My Account** **Search Menu** **Search** **Refine Search**  **Back**                                              Location : All Courts   *Images*

# REGISTER OF ACTIONS
### CASE NO. D-101-CV-2017-02729

| | |
|---|---|
| **Mary Jo Silva v. Metropolitan Property and Casualty Insurance Company** § § § § § | Case Type: **Tort Auto** <br> Date Filed: **09/27/2017** <br> Location: <br> Judicial Officer: **Singleton, Sarah** |

---

#### RELATED CASE INFORMATION

**Related Cases**
D-101-CV-2016-00820 (See For Background)

---

#### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Metropolitan Property and Casualty Insurance Company** <br> P.O. Box 6040 <br> Scranton, PA 18505 | |
| **Plaintiff** | **Silva, Mary Jo** <br> 203 Alto Lane <br> Santa Fe, NM 87501 | **Linda G. Hemphill** <br> *Retained* <br> 505-986-8515(W) |

---

#### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/27/2017 | **Cause Of Actions** <br> Action Type | Tort: Personal Injury Auto (Count I. (Liability of USAA for Negligence/Negligence Per Se and Reckless Conduct) <br> Action |
| 09/27/2017 | **Cause Of Actions** <br> Action Type | Bad Faith (Count II (Breach of Covenant of Good Faith an /fair Dealing and Statutory Violations)) <br> Action |
| 09/27/2017 | **OPN: COMPLAINT** <br> | *COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY AND BAD FAITH INSURANCE PRACTICES* |
| 09/27/2017 | **JURY DEMAND 6 PERSON** <br> | *Jury Demand* |
| 10/02/2017 | **SUMMONS ISSUED** <br> | *Summons Issued* |

---

#### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Silva, Mary Jo <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 11/01/2017** | | | 282.00 <br> 282.00 <br> **0.00** |
| 09/27/2017 | Transaction Assessment | | | 282.00 |
| 09/27/2017 | File & Serve Payment | Receipt # SFED-2017-11264 | Silva, Mary Jo | (282.00) |

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/27/2017 3:15:09 PM
STEPHEN T. PACHECO
Ginger Sloan

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

MARY JO SILVA,

    Plaintiff,

v.

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,

    Defendant.

Cause No. D-101-CV-2017-02729

Case assigned to Singleton, Sarah

### COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY AND BAD FAITH INSURANCE PRACTICES

COMES NOW Plaintiff, Mary Jo Silva, by and through her undersigned attorneys, The Hemphill Firm, P.C., and for her Complaint against Defendant, Metropolitan Property and Casualty Insurance Company, states as follows:

#### Parties

1. Plaintiff Mary Jo Silva ("Plaintiff" or "Silva") is, and at all times material hereto, was a resident of Santa Fe County, New Mexico.

2. Upon information and belief, Defendant, Metropolitan Property and Casualty Insurance Company ("Defendant" or "MetLife") is and was at all times material hereto an insurance company authorized to do business in New Mexico and did business in Santa Fe County, New Mexico. Pursuant to NMSA 1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as MetLife's agent for service of process in this matter.

3. Plaintiff is a Class One insured under an automobile liability policy issued by MetLife (the "Policy") and purchased pursuant to a statutory mandate contained in the New Mexico

# EXHIBIT A

Mandatory Financial Responsibility Act, NMSA 1978, §66-5-201 et. seq. Plaintiff presents her underinsured motorist claim for adjudication by this Court pursuant to the provisions of the Policy, and her bad faith claims pursuant to statutory and common law.

4. This Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper in the First Judicial District Court.

General Allegations

5. On January 17, 2016, Silva was driving her vehicle north on Galisteo Street, in Santa Fe, New Mexico. Silva was stopped at a red light at the intersection of Galisteo Street and Cordova Road. After the light turned green, Silva began to proceed through the intersection. As Silva entered the intersection, a vehicle being driven by Santa Fe resident, Celso Lovato ("Lovato"), which was traveling eastbound on Cordova Road, unlawfully entered the intersection and forcefully T-boned Silva's vehicle, striking it on the driver's side door at a high rate of speed. The force of the collision was so great that Silva was thrown violently about the vehicle causing extensive bruising and a laceration to her left temple. Silva was transported to Christus St. Vincent Regional Medical Center where she was hospitalized for two nights.

6. Thereafter Plaintiff filed suit against Lovato in the First Judicial District Court, and Lovato counterclaimed against Plaintiff, contending that Plaintiff caused the collision. Plaintiff was defended in connection with the counterclaim by counsel for MetLife. With MetLife's consent, Plaintiff eventually settled all claims against Lovato at a mediation conducted in the course of the Lovato itigation by accepting policy limits in the amount of $50,000 from Lovato's insurance carrier, Allstate.

7. During the course of her suit against Lovato, Plaintiff's counsel began discussions with MetLife adjuster Karen Carlson ("Carlson") advising Carlson that Plaintiff would be

**EXHIBIT A**

asserting an underinsured motorist claim against MetLife based on the fact that Lovato did not have adequate policy limits to compensate Plaintiff fully for her losses.

8. In order to facilitate a prompt resolution of Plaintiff's claim against MetLife for the available underinsured policy limits of $50,000, Plaintiff's counsel sent MetLife copies of all relevant materials, including medical records, medical bills, an accident reconstructionist report commissioned by MetLife and Plaintiff during the Lovato and discovery documents showing that Lovato's actions towards Plaintiff were reckless, entitling her to recover punitive damages against Lovato, and by the terms of the policy, against MetLife in connection with Plaintiff's underinsured motorist claim.

9. Thereafter, Plaintiff also gave permission to the MetLife adjuster with whom she had spent the day during the course of mediating her dispute with Lovato to share all information that adjuster obtained with Carlson, including information which would entitle Plaintiff to recover punitive damages against Lovato and by extension against MetLife. Despite the fact that Plaintiff had incurred significant medical expenses and had for the past 18 months suffered continually from unrelenting pain due to the back injury she sustained in the collision, Carlson questioned whether Plaintiff had a permanent impairment and made only a modest offer to settle Plaintiff's uninsured motorist claim.

10. Thereafter, to address Carlson's concerns that she had not fully documented any permanent impairment, Plaintiff scheduled an appointment with Anthony Reeve, M.D., a rehabilitation medicine specialist, and incurred the expense of a full blown independent medical evaluation. After receiving Dr. Reeve's comprehensive report detailing Plaintiff's injuries stemming from the collision, including a permanent impairment to her back as well as need for additional and future medical expenses, Plaintiff forwarded the report to Carlson, demanding that

# EXHIBIT A

MetLife tender the full policy limits of $50,000 and advising MetLife that if it failed to do so, Plaintiff would no longer accept the minimal underinsured limits available to her from MetLife and would file suit to recover the full and actual amount of her damages, including punitive damages.

11. Thereafter, MetLife ignored Plaintiff's demand for the available policy limits and demanded that Plaintiff produce records and imaging going back several years.

## Count I. (Liability of USAA for Negligence/Neglience Per Se and Reckless Conduct

12. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-11, above, as though set forth in detail.

13. At the time of the collision described in paragraph 5, above, Lovato operated his vehicle in a negligent manner, without any negligence on the part of Silva contributing thereto. Lovato also operated his vehicle in reckless disregard of Lovato's safety.

14. Lovato's acts of negligence included, but are not limited to the following:

   (a) careless driving;

   (b) reckless driving;

   (c) failure to operate his vehicle in a safe and reasonable manner;

   (d) failure to keep a proper lookout;

   (e) driver inattention; and

   (f) driving a vehicle in violation of existing ordinances and statutes.

15. As a direct and proximate result of Lovato's negligence, Silva suffered severe and painful injuries to her body.

16. Silva also suffered a total loss of her vehicle and had incurred expenses related

**EXHIBIT A**

thereto, including storage fees, rental car fees and other transportation fees.

17. As a further direct and proximate result of Lovato's negligence, Silva has necessarily expended and become liable for sums of money for doctors, prescriptions, x-rays, MRI scans, therapy, hospitals and other bills and costs for medical treatment, and may become liable for future expenses of a similar nature; she has endured and may in the future endure pain and suffering as well as loss of enjoyment of life and damages for the nature, extent and duration of her injuries, which are permanent and disabling. Plaintiff has also suffered and may in the future suffer loss of household services, and the cost of mileage to and from medical appointments, all in an amount to be proved at trial herein.

18. As a result of Lovato's reckless disregard for Silva's safety, she is entitled to an award of punitive damages in an amount to be determined at trial.

19. Because Plaintiff and MetLife have been unable to resolve her underinsured motorist claim, Plaintiff is entitled to adjudicate her claim against MetLife pursuant to the provisions of the Policy, which obligates MetLife to step into the shoes of the underinsured tortfeasor, Lovato.

20. MetLife is legally obligated to pay for any compensatory and punitive damages due to Plaintiff as a result of the negligent and reckless conduct of Lovato.

WHEREFORE Plaintiff prays for judgment against MetLife, in an amount to be determined at trial, for compensatory damages, her costs of this action, for appropriate interest at the statutory rate, including pre-judgment interest and post-judgment interest, and for such other and further relief as the Court deems just and proper.

<u>Count II. (Breach of Covenant of Good Faith and Fair Dealing and Statutory Violations)</u>

21. Plaintiff realleges and incorporates herein by reference the allegations contained

**EXHIBIT A**

in paragraphs 1-20, above, as though set forth in detail.

22. MetLife's failure to offer Plaintiff reasonable compensation for her claim underinsured motorist claim is contrary to its obligations under the Policy, demonstrates that it is placing its own interests above those of Plaintiff and constitutes a violation of the covenant of good faith and fair dealing inherent in the Policy under New Mexico law.

23. MetLife knowingly violated the New Mexico Unfair Claims Practices Act, NMSA 1978, §59A-16-20 ("UCPA") in connection with its handling of Plaintiff's claim, including, but not limited to violation of one or more of the following provisions of that statute: (A) failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under the Policy; B) failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies; C) not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear; D) compelling insureds to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and (N) failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law ....for the offer of a compromise settlement.

24. MetLife has also violated the New Mexico Unfair Practices Act, §57-12-1 et seq. ("UPA"), in failing to deliver the quality or quantity of insurance contracted for by Plaintiff.

25. As a direct and proximate result of MetLife's conduct, as set forth above, Plaintiff has not had the benefit of the underinsured motorist coverage she is entitled to under the Policy and by law and has not been adequately compensated for injuries. Plaintiff has also

**EXHIBIT A**

suffered emotional distress associated with the fact that she has had to file suit in order to force MetLife to comply with its obligations.

26. Plaintiff is entitled to compensatory damages for MetLife's breach of its common law obligations to Plaintiff, including breach of the implied covenant of good faith and fair dealing, for its statutory violations, including compensation for her emotional distress as a result of MetLife's failure to provide coverage due to her in a timely fashion, and for all other elements of damages allowed by law.

27. Plaintiff is entitled to punitive damages and/or multiples of her damages under the UCPA and UPA and based on MetLife's intentional, willful, wanton, malicious, bad faith conduct or conduct in reckless disregard of her rights in connection with its breach of common law duties, breach of the covenant of good faith and fair dealing and violation of the aforementioned statutes. Plaintiff is also entitled to recover her reasonable attorney's fees and costs in this matter pursuant to such statutes.

WHEREFORE, Plaintiff prays for judgment against MetLife for compensatory and punitive or multiples of her damages in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, attorney's fees, costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE HEMPHILL FIRM, P.C.

By: /s/Linda G. Hemphill, Esq.
Linda G. Hemphill, Esq.
P.O. Box 33136
Santa Fe, New Mexico 87594
(505) 986-8515

Attorneys for Plaintiff, Mary Jo Silva

**EXHIBIT A**

Case 1:17-cv-01085-MV-SCY   Document 1-2   Filed 11/01/17   Page 9 of 12

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/27/2017 3:15:09 PM
STEPHEN T. PACHECO
Ginger Sloan

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

MARY JO SILVA,

    Plaintiff,

v.

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,

    Defendant.

Cause No. D-101-CV-2017-02729

Case assigned to Singleton, Sarah

## JURY DEMAND

COMES NOW Plaintiff, Mary Jo Silva, by and through her undersigned attorneys, The Hemphill Firm, P.C., and hereby demands a trial by jury of six (6) persons for all matters triable thereto.

    Respectfully submitted,

    THE HEMPHILL FIRM, P.C.

    By: /s/Linda G. Hemphill, Esq.
        Linda G. Hemphill, Esq.
        P.O. Box 33136
        Santa Fe, New Mexico 87594
        (505) 986-8515

    Attorneys for Plaintiff, Mary Jo Silva

**EXHIBIT A**

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/2/2017 11:07:46 AM
STEPHEN T. PACHECO
Marina Sisneros

### SUMMONS

| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268<br>Santa Fe, New Mexico 87504<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2017-02729<br><br><br><br>Assigned Judge: Sarah Singleton |
|---|---|
| Plaintiff(s): Mary Jo Silva<br><br>v.<br><br>Defendant(s): Metropolitan Property and Casualty Insurance Company | Defendant:<br>Metropolitan Property and Casualty Insurance Company<br>c/o NM Superintendent of Insurance<br>John G. Franchini<br>1120 Paseo de Peralta<br>Santa Fe, NM 87504 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 2nd day of October, 2017.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT



By_____
    Deputy



/s/ Linda G. Hemphill
_____
Signature of Attorney for Plaintiff
Name: The Hemphill Firm, P.C.
Address: P.O. Box 33136, Santa Fe, NM 87594
Telephone No.: (505) 986-8515
Fax No.: (505) 986-1132
Email Address: linda@hemphillfirm.com
                    carolyn@hemphillfirm.com

**EXHIBIT A**

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.
**RETURN**[1]

STATE OF NEW MEXICO   )
                                                )ss
COUNTY OF SANTA FE   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons and complaint, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]   to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

**EXHIBIT A**

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**EXHIBIT A**